UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHOLANDA MCGILL,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC K. SHINSEKI,<br><br>    Defendant. | Case No.: 2:14-cv-00137-RCJ-VCF<br><br>**ORDER** |

This Title VII case arises out of the termination of an employee, ostensibly for using a personal cell phone during work hours. Pending before the Court is a Motion to Dismiss (ECF No. 17). For the reasons given herein, the Court grants the motion.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Sholanda McGill was an employee with the U.S. Department of Veterans Affairs ("VA") from November 22, 2008 until her constructive discharge (resignation) on December 13, 2012. (Compl. ¶¶ 15, 42, Jan. 27, 2014, ECF No. 1). Plaintiff is a homosexual African American woman. (*Id.* ¶ 16). In 2010, Plaintiff filed complaints with her union and an equal employment opportunity ("EEO") representative. (*See id.* ¶ 21). Two male coworkers (the "Coworkers") severely harassed Plaintiff physically and verbally concerning her sexual orientation. (*Id.* ¶ 22). The harassment exacerbated Plaintiff's fibromyalgia and IBS, which required medical treatment

and therapy for depression. (*Id.* ¶ 23). When the VA opened an investigation into the harassment, it temporarily moved Plaintiff into a lower-paying position. (*Id.* ¶ 25). The move and pay reduction became permanent upon completion of the investigation. (*Id.* ¶ 26). Although the allegations were substantiated, the VA took little to no corrective action against the Coworkers. (*Id.* ¶ 28). Plaintiff was later notified that she would be moved to a building where the Coworkers would also be working. (*Id.* ¶ 30). Plaintiff informed her supervisors about her fear of working near the Coworkers, but her concerns went ignored, and she was told to report to the new facility or be reported "AWOL" (absent without leave). (*Id.* ¶¶ 31–32). The allegations between paragraphs 33 and 42 are not entirely clear, but Plaintiff appears to allege that she was so traumatized by the prospect of reporting to duty near the Coworkers that she had physical manifestations of distress, consulted a doctor, requested FMLA leave (which was denied), filed another EEO complaint, refused a transfer that would have resulted in another pay decrease, and eventually resigned rather than report to the assigned location or accept the transfer and pay reduction. (*See id.* ¶¶ 33–42).

  McGill sued Secretary of Veterans Affairs Eric Shinseki in this Court under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and state law for: (1) sex discrimination; (2) sexual orientation discrimination; (3) disability discrimination; (4) "public policy tort"; (5) respondeat superior; (6) negligent hiring, supervision, and training; (7) retaliation (under Title VII); (8) constructive discharge; (9) discrimination under Nevada Revised Statutes section 613.330; and (10) intentional infliction of emotional distress ("IIED"). The Clerk entered default against Secretary Shinseki. Secretary Shinseki has moved to set aside the default based on insufficient service of process.

///

## II. LEGAL STANDARDS

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

## III. ANALYSIS

Although Plaintiff has captioned the Complaint with Secretary Shinseki as the Defendant, Plaintiff identifies Defendant as "Defendant Veteran Affairs" in the "Parties" section of the Complaint, indicating that it is the VA as an agency that is the intended Defendant. Defendant argues that Plaintiff has failed to serve the United States Attorney or the Attorney General. Rule 4(i)(2), which applies here because Plaintiff is suing an agency of the United States, requires a plaintiff to serve the United States and send a copy of the summons and complaint to the agency. Serving the United States is governed by Rule 4(i)(1) and requires, as Defendant notes, service upon the local U.S. Attorney and the Attorney General. The record includes an Affidavit of Service indicating service upon the VA, (*see* Aff., Feb. 7, 2014, ECF No. 6), as well as a

certificate of mailing to Secretary Shinseki.  Defendant is correct that the record is void of any proof of service upon the U.S. Attorney or the Attorney General.  Furthermore, Plaintiff has not timely opposed the present motion, which constitutes consent to its grant.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Set Aside Default (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge